IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CYNTHIA LEE ROWE,

       Petitioner,              1:11-cv-132-CL

     v.                           **OPINION AND ORDER**

NANCY HOWTON,

       Respondent.

**PANNER, District Judge:**

    Magistrate Judge Mark D. Clarke filed a Report and Recommendation (Report) (#36), and the matter is now before this court. See 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Petitioner filed objections to the Report. Accordingly, I have reviewed the file of this case *de novo*. See 28 U.S.C. § 636(b)(1)(c); McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). I conclude the Report is correct.

1 - OPINION AND ORDER

The state post-conviction court's findings that petitioner's counsel's performance was not objectively unreasonable was not an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984). The case against petitioner was incredibly strong. Multiple eye witnesses testified that petitioner shot the victim twice in the head at close range. Counsel's decision to pursue a defense based solely on extreme emotional disturbance (EED) rather than a lesser offense such as manslaughter or criminally negligent homicide was not objectively unreasonable.

A defense based on severe intoxication faced several hurdles. For example, immediately after the murder, as petitioner drove her boyfriend away from the scene in the victim's vehicle, a sheriff pulled plaintiff over. Rather than arrest plaintiff for driving under the influence, the sheriff merely cited petitioner for failure to use a blinker and sent petitioner on her way. (Tr. 126.) Additionally, although petitioner drank heavily on the day of the murder, petitioner normally drank heavily. (Tr. 153.) Petitioner did not fire wildly or inaccurately, but rather shot the victim twice in the head. Further, an EED defense fit the testimony at trial, which is that petitioner suddenly became extremely distraught when the victim told petitioner's boyfriend to leave the property. (Tr. 153-54; 219.) In short, counsel's decision to focus on the EED defense was reasonable considering the circumstances.

The state court's decision, which is entitled to deference, was not an unreasonable application of Strickland. Because this is

2 - OPINION AND ORDER

not a particularly close question, petitioner's request for a certificate of appealability is denied. <u>Ben-Sholom v. Ayers</u>, 674 F.3d 1095, 1103 n.4 (9th Cir. 2012)(certificate of appealability appropriate if reasonable jurists could debate the resolution of the matter)(internal citation omitted).

## CONCLUSION

Magistrate Judge Clarke's Report and Recommendation (#36) is adopted. The petition (#2) is denied and this action is dismissed. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. <u>See</u> 28 U.S.C. § 2253(2).

IT IS SO ORDERED.

DATED this 21 day of February, 2013.

_____
OWEN M. PANNER
U.S. DISTRICT JUDGE

3 - ORDER